Matter of Corporation Counsel of the City of New York v Similien (2020 NY Slip Op 06384)





Matter of Corporation Counsel of the City of New York v Similien


2020 NY Slip Op 06384


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Docket No. U3445/19 Appeal No. 12297 Case No. 2019-03971 

[*1]In the Matter of Corporation Counsel of the City of New York on Behalf of Leah Jean Doster, Petitioner-Respondent,
v
Peri Similien, Respondent-Appellant.


Peri Similien, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Julia Bedell of counsel), for respondent.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about August 21, 2019, which denied pro se respondent father's objection to an order of support, same court (Amanda Norejko, Support Magistrate), entered on or about July 19, 2019, directing him to pay monthly basic child support in the amount of $754.86 and arrears in the amount of $2,921.86, unanimously affirmed, without costs.
The record shows that Family Court properly exercised jurisdiction over respondent through substituted service of the summons, petition, and supporting documentation upon him, followed by mail service (see Family Court Act [FCA] § 427[a]). Moreover, respondent appeared in court, waived his right to counsel, and specifically declined to challenge proper service. Based on respondent's refusal to provide any proof of income to the court, the Support Magistrate properly calculated a child support award based on the subject child's needs, as demonstrated by financial information provided by the mother (FCA § 413[1][k]). Indeed, respondent does not challenge the amount of support, only his obligation to pay. Moreover, his efforts to "rescind" and "cancel" his signature on the acknowledgment of paternity have no basis in fact or law. As the subject child's recognized parent, he is chargeable with her support and "shall be required to pay for child support a fair and reasonable sum as the court may determine" (FCA § 413[1][a]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020